CLOVER, APPELLEE, *v.* CLOVER, APPELLANT.

[Cite as Clover v. Clover (1970), 24 Ohio App. 2d 161.]

(No. 487—Decided November 12, 1970.)

*Mr. E. S. Morton,* for appellee.
*Mr. Larry E. Staats* and *Mr. James Stevenson,* for appellant.

*Per Curiam.* A decree of divorce which grants to the plaintiff-husband the custody of the four minor children of the divorced parties and orders the defendant-*wife* to pay to the husband certain specified amounts for the support of such children, which amounts had been previously agreed upon in a separation agreement approved by the court, will be upheld.

This is not an appeal from the divorce decree. There is no bill of exceptions. This is an attack on the validity of the decree by reason of its failure to include a finding that the husband is unable to support such children. It is contended that such a finding is necessary because of the duty imposed by R. C. 3103.03, which provides in part: "The husband must support himself, his wife, and his minor children out of his property or by his labor. *If he is unable to do so,* the wife must assist him so far as she is able." (Emphasis added.)

R. C. 3103.06 provides in pertinent part: "A husband and wife * * * *may agree* to an immediate separation and *make provisions for the support of* either of them and *their children during* the separation." (Emphsis added.)

Also the last sentence of R. C. 3105.20 applies in this

case. It states: *"In any matter concerning domestic relations the court shall not be deemed to be deprived of its full equity powers and jurisdiction."* (Emphasis added.)

Sections 3103.03, 3103.05 and 3105.20 are to be read in *pari materia.*

A decree of divorce carries with it a presumption of regularity. The decree here does not affirmatively indicate that such presumption has been overcome.

In our opinion, substantial justice has been done the party complaining. (R. C. 2309.59) and the decree under review is upheld.

*Judgment accordingly.*

RUTHERFORD, P. J., PUTMAN and McLAUGHLIN (Retired. Assigned to active duty under authority of Section 6(C), Article IV, Constitution.), JJ., concur.